IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CRIMINAL NO. G-14-05 |
| | § | |
| CHARLES WALKER | § | |

## OPINION

Appellant Charles Walker appeals from his conviction, following a non-jury trial before the Magistrate Judge, for operating a motor vehicle in a National Wildlife Refuge with a defective brake light in violation of assimilated state law. This Court **AFFIRMS**.

## I. RELEVANT FACTS

The only facts relevant to this appeal are few. On July 23, 2013, Walker was driving a 1988 Toyota on County Road 476 in Brazoria County, Texas, when he caught the attention of Officers Joseph A. Ham and Micah Edwards of the United States Fish & Wildlife Service who were patrolling that area near the Brazoria National Wildlife Refuge. The officers began to follow Walker's vehicle. The roadway crossed through the Refuge. While in the Refuge, Walker activated his brakes as he approached a railroad track and both officers noticed that his passenger side brake light did not illuminate. Walker's vehicle was stopped by the officers and he was ultimately given a citation for a defective brake light. At trial, Walker

admitted that the brake light was not working at the time he was stopped and that he had replaced it. The Magistrate Judge found Walker guilty and assessed a $200.00 fine and a $25.00 processing fee.

## II. DISCUSSION

Walker, acting *pro se*, raised a plethora of pretrial motions that the Magistrate Judge denied. He also filed an Appellate Brief that is difficult to decipher. The Court, therefore, will attempt to address all the errors it believes, from its review of the transcript, that Walker is asserting in his appeal.

Walker first argues that the Magistrate Judge should have recused himself because of "personal bias, prejudice and personal knowledge of disputed facts." There is nothing in the record to indicate that any alleged grounds of recusal of the Magistrate Judge stemmed from any extra-judicial source. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)   Opinions formed and rulings made by the Magistrate Judge based upon events occurring during the proceedings do not constitute a basis for recusal unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997)   Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, the parties or their cases, ordinarily do not support a bias or partiality challenge. *Liteky v. United States*, 510

2

U.S. 540, 555 (1994)   And facts learned by a judge in his judicial capacity in the proceedings in the case cannot be the basis for disqualification. *Grinnell*, 384 U.S. at 583. Having reviewed the transcript, none of the Magistrate Judge's opinions, rulings, or remarks, while perhaps disappointing to Walker, reflect any deep-seated favoritism or antagonism of the type to require recusal.

Walker's next argument—that a federal judge has an inherit conflict of interest and cannot preside when the United States is a party in a case before him—is frivolous.

So is Walker's argument that the trial court lacked personal, subject matter, and territorial jurisdiction. The trial court had personal jurisdiction by virtue of the citation issued to Walker; subject matter jurisdiction by virtue of 18 U.S.C. § 13, the Assimilative Crimes Act; and territorial jurisdiction over the federal land within the National Refuge by virtue of 18 U.S.C. § 7(3).

Furthermore, the Magistrate Judge properly denied Walker's petition for a writ of habeas corpus because Walker was not "in custody." 28 U.S.C. § 2255.

Walker's argument that the charging instrument was fatally defective because the supporting "Statement of Probable Cause" was not notarized also ignores the governing law. Rule 58(b)(1) of the Federal Rules of Criminal Procedure, provides that "the trial of a petty offense may . . . proceed on a citation or violation notice."

Walker's argument that the Magistrate Judge abused his discretion by denying a continuance also fails. Walker had previously agreed to a trial on January 23, 2014, and the Government was ready with its witnesses present on that date. Moreover, Walker has not shown serious prejudice, *see United States v. Laury*, 49 F.3d 145, 150–51 (5th Cir. 1995), because his alleged necessary witnesses were "several county sheriffs" who did not witness any relevant events and intended to give impermissible legal opinions. His complaint about a failure to obtain interrogatory answers and depositions was harmless because Walker has not shown those discovery procedures were available in this case. *See* Fed. Rs. Crim. P. 15, 16.

Walker's demand for a jury trial was properly denied. When the maximum punishment for an offense is incarceration for six months or less, the defendant has no Sixth Amendment right to a jury trial. *Lewis v. United States*, 518 U.S. 322, 324 (1996). The maximum penalty in the instant case was a fine not to exceed $200.00.

Walker's argument that no pre-trial plea was entered is belied by the transcript: after Walker refused to enter a plea, the Magistrate Judge, as required by Federal Rule of Criminal Procedure 11(a)(4), entered a plea of not guilty on his behalf.

Walker's arguments challenging the proof at trial are without merit. First, the offense does not have an intent requirement. *See Zulauf v. State*, 591 S.W. 2d 869, 872–73 (Tex. Crim. App. 1979). Second, the evidence clearly supports Walker's

conviction for operating a motor vehicle with a defective brake light. *See* Tex. Transp. Code § 504.502(a)(3). Even assuming that statutory exemptions existed, the evidence shows that none applied.

Finally, Walker's argument that the Magistrate Judge applied the wrong penalty range is without merit. Under § 547.004(c) of the Texas Transportation Code, a trial court "may dismiss" a defective brake light charge if the defendant remedies the defect before his first court appearance and pays an administrative fee of no more than $10.00. However, the court is not required to do so. The Magistrate Judge thus acted within his discretion in refusing to dismiss the citation and that decision will not be reversed on appeal.

For the foregoing reasons, the Judgment of the Magistrate Judge is **AFFIRMED**.

**SIGNED** this 9th day of December, 2014.

_____
United States Circuit Judge[1]

---

[1] Sitting by designation.